UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAIME TAWEESIN NGERNTONGDEE, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL DETENTION CENTER OFFICER PRISCILLA VAUGHAN, *et al.*, <br><br> Defendants. | CASE NO. C08-1070RSM <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY AND CONTINUANCE OF DEFENDANT VAUGHAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff's "Motion for Leave to Conduct Discovery and Continuance of Defendant Vaughan's Motion for Partial Summary Judgment." (Dkt. #10). Plaintiff brought the instant *Bivens* action for damages stemming from the death of his mother, Roxanna Brown ("Ms. Brown"), a pretrial detainee at the Federal Detention Center ("FDC") on May 13, 2008. Before responding to Plaintiff's complaint, Defendant FDC Officer Priscilla Vaughan brought a motion for summary judgment, claiming that she is entitled to qualified immunity. Pursuant to Fed. R. Civ. P. 56(f), Plaintiff now seeks additional time to respond to Defendant's motion on the grounds that no discovery has been conducted in this case. Defendant responds that discovery is unnecessary because the Court can make the threshold determination of whether qualified immunity applies in this case based on the record before the Court.

Importantly, Fed. R. Civ. P. 56(f) provides:

ORDER
PAGE - 1

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Ninth Circuit has explained that "[t]o prevail under Fed. R. Civ. P. 56(f), parties opposing summary judgment must make (a) a timely application which (b) sufficiently identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (*quoting VISA Int'l Serv. Ass'n. v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). "Rule 56(f) motions should be granted almost as a matter of course unless the moving party has not diligently pursued discovery of evidence." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n. 4 (5th Cir. 1992). The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment. *Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996).

Here, the Court finds that Plaintiff's motion should be granted for two primary reasons. First, the information Plaintiff seeks through discovery in order to respond to Defendant's motion for summary judgment goes to the heart of Plaintiff's claim. Second, and relatedly, Plaintiff has not even had the opportunity to conduct *any* meaningful discovery in this case.

With respect to the Court's first rationale, the Court finds that discovery is necessary in this case because the issue of whether Defendant's conduct rose to the level of "deliberate indifference" is heavily fact-intensive. *See Hartsfield v. Colburn*, 491 F.3d 394, 397 (8th Cir. 2007). Plaintiff is bringing the instant *Bivens* action based on his allegation that Defendant manifested deliberate indifference to the serious medical needs of Ms. Brown before she passed away at the FDC. Furthermore, to establish deliberate indifference, a plaintiff must show that the alleged mistreatment was "objectively" serious and that the prison official "subjectively" ignored the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). Consequently, discovery must be conducted in this case to determine the

ORDER
PAGE - 2

circumstances known to Defendant prior to Ms. Brown's death, and Defendant's response to such circumstances. In addition, discovery will shed light upon the veracity of Defendant's self-serving statements made in her affidavit that suggest she responded to each and every one of Ms. Brown's requests. Discovery will also reveal the scope of medical treatment or lack thereof that was provided to Ms. Brown prior to her death.

Nevertheless, Defendant suggests that no discovery is necessary, because there are no material discrepancies between her affidavit and the declarations of two other prison inmates who witnessed the events leading up to Ms. Brown's death. Defendant claims that the declarations cannot refute her statement that each time she had contact with Ms. Brown, she attempted to obtain medical assistance for her. However, the Court does not agree with Defendant's reading of the inmates' declarations. For example, one of the eyewitnesses, Bianca Bowler ("Ms. Bowler") claims that:

> On Tuesday evening [May 13, 2008] . . . [Ms. Brown] was trying to get to the shower without her [prosthetic] leg . . . About ½ way to the shower, she nearly collapsed right in front of the officer's station . . . The officer (Vaughan) watched this happen and simply gave her dirty looks. She was in an exceptionally bad mood that day but should've been trying to help [Ms. Brown] when she collapsed. Instead she just walked right past her.
>
> [Another prison inmate] and I helped carry (drag) [Ms. Brown] to the shower. Her towel was soiled so I went to ask Vaughan for another towel. She walked right by us like we weren't even there.

(Dkt. #12, Decl. of Whedbee, Ex. 4 at 2-3).

In addition, Briana Waters also claims that she clearly saw visible signs of Ms. Brown's deteriorating physical condition. (*Id.*, Ex. 3). She further states that Ms. Brown told her that "'they' knew of her medical problems." (*Id.*). Therefore both these statements include facts that are contradictory to Defendant's statements that Ms. Brown did not appear to be in immediate distress the evening before her death. The statement of Ms. Bowler in particular directly refutes Defendant's assertion that she approached Ms. Brown and offered her help. (Dkt. #6, ¶ 7).

In any event, and as Plaintiff indicates in his reply, the medical records recently produced on October 14, 2008 indicate that there were no reports made to FDC medical staff that Ms.

ORDER
PAGE - 3

Brown was in distress or that she requested assistance. This directly undermines Defendant's claim in her affidavit that she contacted the medical department at FDC. (Dkt. #6, ¶ 7). As a result, the Court gives no weight to Defendant's assertion that there are no material discrepancies between the parties' version of events.

With respect to the Court's second rationale, the Court finds that no meaningful discovery has occurred. Defendant filed her summary judgment motion before responding to Plaintiff's complaint, and the Court has yet to issue its initial scheduling order. Indeed, when a summary judgement motion is filed "early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

Relatedly, Plaintiff's motion is not being brought for purposes of delay, or to otherwise seek information that they previously should have discovered. In fact, quite the opposite is true. The record indicates that Plaintiff has diligently pursued the production of evidence that relates to Ms. Brown's death, as well as the medical treatment she was given prior to her death. And when there was a slight delay in the request of such records, the delay was due solely to the fact that Plaintiff's counsel's initial Freedom of Information Act request was denied on the grounds that the inmate's signature was required to release such records. Quite obviously, obtaining Ms. Brown's signature was an impossibility and there were considerable administrative difficulties in obtaining such records.

In sum, the Court acknowledges that the issue of qualified immunity is a "threshold issue" which "should be resolved at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987) (citations omitted). The Court also recognizes that "[o]ne of the purposes of the . . . qualified immunity standard is to protect public officials from broad-ranging discovery that can be peculiarly disruptive of effective government." *Id.* (internal quotations and citation omitted). However, these principles do not suggest that courts should make hasty determinations based on an incomplete record. It would be grossly unfair for the Court to rule on Defendant's motion without giving Plaintiff an opportunity to substantiate his

claim, especially where the material facts are in dispute.  In addition, there is nothing about Plaintiff's purported discovery that is overreaching or otherwise seeks irrelevant information.  Without the benefit of discovery, the Court finds it premature to rule on Defendant's summary judgment motion.

Therefore having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1)  Plaintiff's "Motion for Leave to Conduct Discovery and Continuance of Defendant Vaughan's Motion for Partial Summary Judgment" (Dkt. #10) is GRANTED.  Defendant is DIRECTED to file an answer to Plaintiff's complaint within twenty (20) days from the date of this Order.  Once Defendant files his answer, the Court will issue its initial scheduling order, and the case shall proceed in accordance with the dates set forth by the scheduling order.

(2)  "Defendant Vaughan's Motion for Summary Judgment" (Dkt. #5) is STRICKEN AS MOOT without prejudice to refile once discovery has concluded.

(3)  The Clerk shall provide a copy of this Order to all counsel of record.

DATED this 21st day of November, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE